Brady, J.
This is an action for partition of two lots on Thirty-ninth street in this city, in which an interlocutory judgment was rendered establishing the shares in the lancl of the several tenants in common and directing a reference to ascertain and determine the existence of liens. No appeal was taken from the judgment by the appellant herein, Annie E. Platt.
It appeared during the proceeding that Nathan C. Platt, deceased, and George W. Platt, deceased, were owners in common of the premises. To Nathan’s one-half, his four devisees succeeded, his son William, one of the four, taking one-fourth of the half; .William died on the 11th of May, 1884, devising his estate to his wife, Annie E. Platt. His will was proved May 18, 1886, and letters testamentary were issued to his widow in November following.
The respondent, Clark, on the reference, proved a judgment in his favor against William H. Platt for $432.16, which was docketed in the office of the county clerk on the 18th of March, 1875, and urged it as a lien. The referee thought and so reported that it was not a lien upon the share of the judgment debtor which was devised to the appellant. An exception was duly filed ■ by the judgment creditor to this conclusion of the referee. The exception came on to be heard at the special term, and the result was an order sustaining the exception and declaring the judgment to be a lien upon the share or interest of the defendant, Annie E. Platt, in the property as devisee, and affirming the report in all other respects.
From this order the defendant appeals.
The only question presented is whether the judgment mentioned is a lien upon the interest in the property form *219 erly of William H. Platt, and which was devised by him to his wife, the defendant, Annie E. Platt, and the answer requires the examination of statutory enactments. The provisions of the Revised Statutes limited the lien of a judgment to ten years to purchasers in good faith and incumbrances, leaving it valid after that time against the judgment debtor, his heirs and devisees. Second edition of the Revised Statutes (vol. 2), 882, 369 et passim. And the Code of Procedure, section 282, also provided that the lien of a judgment on real property should continue for ten years from the time of the docketing of the judgment.
These provisions remained in force until the Code of Civil Procedure went into effect on the 1st of Sept. 1877, when by section 1251 it was provided that a judgment thereafter rendered and docketed in the county clerk’s office as prescribed in the article bound and was a charge for ten years after the filing of the judgment roll and no longer upon the real property and chattels real, which the judgment debtor had in the county at the time of the docketing it, or which he acquired at any time afterwards and within the ten years.
Section 1252 however, further provides that after the expiration of ten years, the real property or chattel real which the judgment debtor has, or the real property which a person deriving his right or title thereto, as the heir or devisee of the judgment debtor then has in any county, may be levied upon by virtue of an execution issued to the sheriff upon a judgment thereafter rendered by filing with the clerk of the county a notice subscribed by the sheriff describing the judgment, execution and the property levied upon, and if the interest levied upon is that of an heir or devisee, specifying that fact, and the name of the heir or devisee.
It is not pretended however, that in this proceeding any such notice was prepared, and as the section is expressly limited to judgments thereafter rendered) that section has no application to the question in hand. Section 1380 provides, that after the expiration of one year from the death of a party against whom a final judgment for a sum of money or directing the payment of a sum of money is recovered, the payment may be enforced by execution against any property upon which it was a lien with like effect as if the judgment debtor was still living, but such an execution will not be issued unless an order granting leave to issue it is procured from the court from which the execution is to be issued, and a decree to the same effect is procured from a surrogate’s court of this state which has duly granted letters testamentary or of administration on the estate of the judgment debtor.
*220 It further provides that where the lien of the judgment is created as prescribed in section 1251 of the act, neither the order nor the decree can be made until the expiration of three years after letters testamentary or letters of administration have been duly granted upon the estate of the decedent, and for that purpose such a lien existing at the' decendent’s death continues for three years and six months thereafter, notwithstanding the previous expiration of ten years from the filing of the judgment-roll.
The section makes further provision, namely, where the decedent died intestate, and letters of administration upon his estate have not been granted within three years after his death by the surrogate of the county in which the decedent resided at the time of his death or if the decedent resided out of the state at the time of his death, and letters testamentary or letters of administration have not been granted within the same time, by the surrogate’s court of the county within which the property on which the judgment is a hen is situated, such court may grant the decree where it appears that the decedent did not leave any personal property within the state upon which to administer, and then declares that “in such a case” the lien of the judgment existing at the decedent’s death continues three years and six months as aforesaid.
What is meant by the words “Where the hen of the judgment is created ‘ as prescribed in section 1251, may be in doubt, or subject to a different interpretation, but it seems clearly to relate to judgments recovered after the act took effect, and which were docketed in the county clerk’s office as prescribed in the article’’ And that the section is thus limited is stated by. Throop in his note to the section and was thus drawn in order not to disturb whatever rights might have been acquired under prior statutes. Throop, Code, Ed., 1887. The addition of 1885, in no way applies to the case at bar, because the decedent was a resident of this state and did not die intestate.”
Thus have been arrayed the various statutory enactments affecting the question under consideration. The respondent can derive no benefit from the Revised Statutes, inasmuch as the provisions contained in them relating to judgments were repealed by chapter 417 of the Laws of 1877, even if they had not been before repealed by section 282 of the Code of Procedure, nor by virtue of any of the provisions of the Code of Civil Procedure already referred to, namely, sections 1251, 1252 and 1380. As we have seen, sections 1251 and 1252 relate to and embrace judgments recovered after the passage of the second part of the Code of Civil Procedure, which was subsequent to the time when the judgment herein was docketed. Independently of this, *221 however, section 1251, it has been declared, limits the lien on real estate to ten years without making any distinction between lands still held by the debtor and lands conveyed to others or encumbered by other liens, although execution may now be levied on the debtor’s real estate after ten years, under the provisions of section 1252 of the new Code, when its provisions are applicable. As we have seen, this does not extend the original lien of the judgment, the real estate being bound only from the time of recording and indexing the notice in the cases provided for by these sections. Floyd, adm’r, v. Clark et al., 2 Law Bulletin, 36.
In Evans v. Hill (18 Hun, 465), where the subject discussed was partly considered, it was held that the old Code, section 282, by the amendment of 1851, declared that a judgment should be a lien for ten years from the time of docketing, and the court said in the course of the opinion: “We must consider this section of the old Code, thus amended, to be a substitute for section 5 (4) (2 R. S., m. p. 359), which declares ten years to be the period during which a judgment shall be a charge on lands.” And the court further said: “It is unnecessary to decide whether or not after the lapse of ten years, and before the presumption of payment by the expiration of twenty years, a plaintiff can issue an execution and sell real estate. ” And further: “The new Code, in section 1252, has provided a special mode of levying an execution upon land after the hen of the judgment has expired, ”
It would thus seem that not only the provisions of the Eevised Statutes, but those of the old Code, are either repealed or superseded, and the provisions of the new Code must prevail and determine the rights of the judgment creditor, the respondent herein.
Section 1380, as we have already seen, provides for the enforcement of a judgment by execution after the expiration of one year from the death of the judgment debtor as the section originally 'stood.
The amendment of 1879, which embraces that part of it providing for the lien of the judgment created as prescribed in section 1251, seems to have no application for the reason that that section relates to judgments obtained after the passage of the act of which it forms a part, and which was not passed until after the judgment under consideration was obtained as already suggested; and the further provision added in 1885, in reference to intestates and to decedents who resided out of the state, has no application for the reason that the judgment debtor did not die intestate, and was a resident of this state, The words, at the conclusion of section 1380, “In such case the lien of the judgment debtor existing at the decedent’s death, continues for three years and six months, as aforesaid,” is a part of the amendment *222 of 1885, which applies to intestates and non-residents decedents. The words “in such case,” clearly refer to the cases, then stated and provided for, and to no others.
The facts in Platt v. Platt (105 N. Y., p. 488; 8 N. Y. State Rep., 77), differ materially from those of which the judgment was predicated, particularly as the judgment there considered was one against Nathan 0. Platt, the first testator, and not against his devisee, William H. Platt, upon whom as one of the four devisees mentioned in that testator’s will, the liability rested, for the debt represented by the judgment. Here the judgment is against William H. Platt and Annie R. Platt, is his devisee. The court, however, suggested that payment of the debts of a decedent-could be enforced, out of his estate held by bis heirs or devisees in the manner provided by the statute, and said further that three years after his death, his creditors had a statutory lien upon the real estate left by him, and that such real estate could not be aliened by his heirs or devisees during that time, so as to defeat the claims of creditors, referring to 2 Revised Statutes, page 100, etc., and the Code of Civil Procedure, section 2749, etc. Section 2749 declares that property of which a decedent dies seized, and the interest of a decedent in real property held by him under a contract for the purchase thereof, made either with him or with a person from whom he derived his interest, may be disposed of for the payment of his debts and funeral expenses as prescribed in the title except where it is devised, expressly charged with the payment of debts or funeral expenses, or is exempted from levy and sale by virtue of an execution, as prescribed in title 2 of chapter 13 of this act. The judgment against William H. Platt having been docketed on the 18th of March, 1875, and not having been revived in any manner provided for by statute, as we have seen, ceased to be a specific lien upon the real estate of which he died seized, although as suggested by the learned court of appeals in the case of Platte v. Platt (supra), there is a statutory lien which may be enforced, but only in the manner prescribed by the statute. See section 2750, et passim.
The result of the consideration of these various enactments and decisions is, that the payment of the judgment against Platt could not be directed in a partition suit, as an existing lien in consequence of the expiration of the ten years, exclusive of the year allowed by section 1380, and could be enforced only in the manner provided by the. statute, to which reference has been made in the case of Platt v. Platt (supra), and this opinion.
The order should therefore be reversed, and the referee’s report be confirmed, with ten dollars costs and disbursements.
van Brunt, P. J., and Daniels, J., concur.